# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL MOMENT,      *

Plaintiff      *

v      *      Civil Action No. PWG-18-15

MARY ELLEN BARBERA,      *

Defendant

     *
***

## MEMORANDUM OPINION AND ORDER

On January 2, 2018, Michael Moment initiated this pro se litigation for damages and declaratory and injunctive relief against Mary Ellen Barbera, Chief Judge of the Maryland Court of Appeals. Compl., ECF No. 1. He also filed a Motion for Leave to Proceed in Forma Pauperis, which will be granted for the purpose of preliminary screening of the Complaint.

Moment alleges that he is improperly imprisoned for a "technical" violation of his probation.[1] *Id.* He alleges that he sent letters to Judge Barbera on February 27, and March 3, 2017 to inform her that "members of her department" have conspired to illegally incarcerate him, and takes issue with the response he received on April 4, 2017, from Stephanie J. Latour, Managing Legal Counsel, Administrative Office of the Courts, whom, he asserts wrote that it would be inappropriate for Judge Barbera to intervene in a specific case in which no timely and proper appeal is pending in the Court of Appeals. Compl. ¶¶ 6–7. Notably, Moment does not

---

[1] Moment may have been released from prison since initiating the Complaint. On December 26, 2017, the Honorable Dwight D. Jackson granted Moment's Motion for Reconsideration of Sentence. Judge Jackson suspended all but 2 years and 92 days and credited Moment with 2 years and 92 days with unsupervised probation. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=117643C&loc=68&detailLoc=MCCR. (last visited January 29, 2018). On January 22, 2018, the Court of Appeals denied a petition for writ of certiorari. *Id.* Mail sent to Moment was returned to the Court on January 12, 2018 as undeliverable and unable to forward. ECF No. 3. The Maryland Inmate Locator does not list Michael Moment as a Maryland state inmate. *See* http://www.dpscs.state.md.us/inmate/search.do?searchType=name&firstnm=michael&lastnm=moment. (last viewed on January 29, 2018).

explain what he means by a "technical violation" of his probation or identify the persons who conspired to illegally incarcerate him. Further, he does not explain why his incarceration was illegal. As best as can be discerned, he disputes the information in the April 4, 2017, letter because on February 27, 2017 he had a Petition for a Writ of Certiorari pending before the Court of Appeals of Maryland. As relief, Moment asks for damages against Judge Barbera, a declaration that these actions violated his Constitutional Rights and federal law, and injunctive relief to order Judge Barbera to "stop conspiring to deny him" his Constitutional rights." Compl. ¶¶ 30-37.

Because Moment is proceeding in forma pauperis, the Court must screen his Complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty.*, S.C., 434 F.3d 725, 728 (4th Cir. 2006). As part of the screening, the Court must dismiss a case if it determines that the action (1) is "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While federal courts are obliged to liberally construe a pro se litigant's claims in applying this analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)

(quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Accordingly, although the facts alleged in a pro se plaintiff's complaint must ordinarily be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.,* 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 679) (internal quotation marks omitted).

Moment's assertions are insufficient to support a claim for a constitutional violation. At most, he claims his Petition for a Writ of Certiorari was pending when he received a letter indicating it was inappropriate for Judge Barbera to intervene in his case. Moreover, judges are entitled to absolute immunity for judicial acts, unless performed in "clear absence of all jurisdiction" because they must be able to execute their official duties without the constant fear of suit. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 362–63 (1978). Moment does not allege, nor do the facts remotely suggest Judge Barbera acted outside the purview of her jurisdiction. To the extent Moment intends to hold Judge Barbera culpable for the actions of the Managing Legal Counsel, respondeat superior does not apply in civil rights actions under 42 U.S.C. § 1983, *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) and Moment asserts no facts to apply the doctrine of supervisory liability.[2] *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994) (outlining requirements).

Accordingly, it is this __8th__ day of February 2018, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The case IS DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B);

3. The Clerk SHALL CLOSE this case; and

---

[2] Legal Counsel may also be entitled to immunity, under these circumstances, but the Court need not consider this question here.

4. The Clerk SHALL SEND a copy of this Order to Moment at the last address he provided to the Court.

      /S/
Paul W. Grimm
United States District Judge